UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL MADRIZ, JR.,<br><br>Defendant. | No. 2:13-cr-00185-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Rafael Madriz, Jr.'s ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 91.) The Government filed an opposition. (ECF No. 95.) Defendant filed a reply.[1] (ECF No. 97.) For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On April 14, 2016, Defendant pleaded guilty to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 72.) On September 19, 2016, the Court sentenced Defendant to a concurrent 120-month term of imprisonment on both counts, followed by a 60-month term of

---

[1] Defendant filed a Motion for Extension of Time to file his reply one day late. (ECF No. 98.) Noting no opposition from the Government and good cause appearing, the Court GRANTS Defendant's motion (ECF No. 98) and considers the reply (ECF No. 97) timely filed.

1

supervised release. (ECF No. 88.) Defendant is currently serving his sentence at FCI Herlong. He has served approximately 51 months of his 120-month sentence of imprisonment and his projected release date is September 29, 2024.

On July 10, 2020, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 91.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic "with or without an additional term of home confinement as a condition of supervised release." (*Id.* at 4.) Defendant is 40 years old and claims he is particularly vulnerable to COVID-19 because he suffers from "severe active medical conditions," including pre-diabetes and chronic obstructive pulmonary disease ("COPD"). (*Id.* at 4, 18, 20.) Defendant cites the conditions of his confinement at FCI Herlong as an additional factor in his vulnerability. (*Id.* at 3.) In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release, he is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.

**II.    ANALYSIS**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on April 7, 2020. The warden denied Defendant's request on April 16, 2020. Because more than 30 days have elapsed since April 7, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

///

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The presentencing report indicates Defendant previously experienced unknown back pain, but Defendant reported he was otherwise in good health. Defendant now claims he has been diagnosed with pre-diabetes and COPD. (*Id.* at 18, 20.) Defendant also adds for the first time in his reply that he has "high blood pressure indicative of hypertension." (ECF No. 97 at 6.) But Defendant does not cite — nor can the Court locate — a formal diagnosis for pre-diabetes, hypertension, or COPD within the 130 pages of medical records provided by Defendant. While the Court is mindful that people with certain medical conditions — including COPD, hypertension, and diabetes — can be more vulnerable to COVID-19, Defendant has not provided sufficient evidence that he in fact suffers from any of those medical conditions. Moreover, Defendant has not shown he is unable to manage his health and minimize his risks through self-care. As of the date of this Order, the BOP reports only two active inmate cases of COVID-19 at FCI Herlong. Based on the record before the Court, Defendant fails to persuade the Court that his alleged medical conditions qualify as "extraordinary and compelling" reasons for release within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.[2]

---

[2] Defendant also argues his conditions of confinement violate the Eighth Amendment. (ECF No. 91 at 22.) However, Defendant fails to explain how a purported Eighth Amendment

1    For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor
2  subject to a serious or unrecoverable condition that substantially diminishes his ability to provide
3  self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As a whole, Defendant's
4  arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL
5  1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria
6  for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing
7  Commission's policy statement.").

8    In sum, the Court declines to grant Defendant's request for compassionate release because
9  Defendant has not met his burden to show there are extraordinary and compelling reasons for his
10 release. Therefore, the Court need not address whether Defendant is a danger to the community
11 or the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* U.S.S.G. § 1B1.13(2) (requiring a
12 defendant to demonstrate that he is "not a danger to the safety of any other person or to the
13 community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a)
14 factors before granting compassionate release).

15   However, the Court does note its concern that Defendant is a continuing danger to the
16 community based on his crimes of conviction, which include possession of a sawed-off shotgun
17 and selling methamphetamine. It also bears mentioning that Defendant's 120-month sentence is
18 already well below the guidelines range of 151–188 months. Defendant seeks to reduce his
19 sentence to time served despite having served only approximately 51 months of his sentence. In
20 other words, Defendant is seeking a reduction from a well-supported, below-guideline, 120-
21 month sentence to a considerably lower 51-month sentence. Based on the record before the
22 Court, the § 3553(a) factors do not support such a drastic reduction.

23 ///
24 ///
25 ///

---

violation would warrant his immediate release rather than some other form of relief. In the absence of any authority suggesting an Eighth Amendment violation necessitates release from a lawfully imposed sentence, the Court declines to address Defendant's Eighth Amendment argument.

4

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for an Extension of Time (ECF No. 98) and DENIES Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) (ECF No. 91).

IT IS SO ORDERED.

DATED: August 12, 2020

Troy L. Nunley
United States District Judge